**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Isabel CRUZ–SALAS, Defendant— Appellant.**

No. 02–10528.

D.C. No. CR–00–1379–FRZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2003.

Decided Aug. 6, 2003.

Before SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Isabel Cruz–Salas appeals her conviction of possession with intent to distribute marijuana. Around 9:30 P.M. on the night she was arrested, while still incarcerated, Cruz–Salas initiated contact with officers, confessed to the crime, and suggested that she would show them the drop house in return for leniency. At trial, Cruz–Salas argued that the confession was coerced because, in previous interviews earlier that day, the officers had made various statements suggesting that it would be better for her to confess. The district court denied Cruz–Salas's motion to suppress the 9:30 confession, and Cruz–Salas now appeals.

■ The officers' conduct in this case was not nearly as coercive as the conduct of officers in *United States v. Tingle*, 658 F.2d 1332, 1334–36 (9th Cir.1981), where we found the defendant's confession coerced. The officers' statements here were not so powerful or suggestive of favorable treatment that they overbore Cruz–Salas's will. *See United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir.1988). The district court did not err by denying Cruz–Salas's motion to suppress the confession.

■ Cruz–Salas also argues that the district court erred by failing to give her a downward departure based on the officers' asserted misconduct. Though the district court did not indicate why it rejected this ground for departure, it did not indicate that it believed it had no such discretion. *See United States v. Davoudi*, 172 F.3d 1130, 1133 (9th Cir.1999). Moreover, a departure based on any misconduct would not have been appropriate since it did not prejudice Cruz–Salas's position at sentenc-

ing. *See United States v. Basalo*, 258 F.3d 945, 949 (9th Cir.2001).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.